```
UNITED STATES DISTRICT COURT                    (ECF)
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - -:
THE ANNUITY, WELFARE,                 : 10 Civ. 4994 (RMB) (JCF)
APPRENTICESHIP SKILL IMPROVEMENT &    :
SAFETY FUNDS of the INTERNATIONAL     :     REPORT AND
UNION OF OPERATING ENGINEERS,         :     RECOMMENDATION
LOCAL 15, 15A, 15C and 15D, AFL-CIO:
by its TRUSTEES JAMES T. CALLAHAN,    :
FRANCIS P. DIMENNA, ROBERT SHAW and:
JOHN BRUNETTI, and INTERNATIONAL      :
UNION OF OPERATING ENGINEERS LOCAL    :
15, 15A, 15C & 15D, AFL-CIO by its    :
President & Business Manager JAMES    :
T. CALLAHAN,                          :
                Plaintiffs,           :
                                      :
     - against -                      :
                                      :
QUALCON CONSTRUCTION, LLC,            :
                                      :
                Defendant.            :
- - - - - - - - - - - - - - - - - - -:
```
TO THE HONORABLE RICHARD M. BERMAN, U.S.D.J.:

This is an action brought pursuant to Sections 502 and 515 of the Employment Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et seq., and the Labor Management Relations Act of 1947, 29 U.S.C. § 141 et seq. (the "Taft-Hartley Act"). Suit was commenced by The Annuity, Welfare and Apprenticeship Skill Improvement & Safety Funds of the International Union of Operating Engineers, Local 15, 15A, 15C and 15D, AFL-CIO (the "Local 15 Trust Funds") along with the International Union of Operating Engineers, Local 15, 15A, 15C and 15D, AFL-CIO ("Local 15"). The plaintiffs seek recovery of delinquent fringe benefit contributions, statutory damages, and wages owed to certain members of Local 15 who were in the defendant's employ, stemming from the failure of Qualcon Construction LLC ("Qualcon") to pay contributions or wages due

1

Case 1:10-cv-04994-RMB-JCF   Document 18   Filed 04/29/11   Page 2 of 8

under the terms of a collective bargaining agreement (the "Labor Contract").

Following entry of a default judgment, the case was referred to me for an inquest on damages, and a hearing was held on March 4, 2011. Despite being afforded notice of the hearing, Qualcon did not appear. The following findings are therefore based on the evidence presented at the hearing and the information submitted by the plaintiffs.

Background

Qualcon is a corporation with a principal place of business in New York. (Complaint ("Compl."), ¶ 11). When Qualcon entered into the Labor Contract with Local 15, it became obligated to make fringe benefit contributions on behalf of employees covered by the Contract. (Compl., ¶¶ 16-17). The Labor Contract also obligated Qualcon to calculate and deduct payroll taxes relating to supplemental dues and political action contributions on behalf of Local 15 employees. (Compl., ¶ 25). Notwithstanding the Labor Contract, Qualcon failed to make fringe benefit contributions or to withhold the correct amounts from employees' paychecks. (Compl., ¶¶ 19, 26).

The plaintiffs filed the instant action on June 28, 2010. When the defendant failed to answer, the Honorable Richard M. Berman, U.S.D.J., entered a default judgement and referred the case to me for an inquest on damages. (Default Judgment dated Sept. 30, 2010).

Discussion

   A.  Jurisdiction and Standing

As this case arises under ERISA, the Court has jurisdiction pursuant to both 29 U.S.C. § 1132(e)(1) and 28 U.S.C. § 1331.  The Court also has jurisdiction under 28 U.S.C. § 1337(a) and Section 301 of the Taft-Hartley Act, 29 U.S.C. § 185(c), as this is a civil action arising under an act of Congress regulating commerce, and the defendant is an employer whose activities affect commerce within the meaning of the Taft-Hartley Act.  Qualcon is subject to personal jurisdiction in this Court because it does business in New York.  N.Y. Civ. Prac. Law & R. § 301.

Under Section 301 of the Taft-Hartley Act, Local 15 has standing to seek unpaid wages on behalf of individual union members because the wages at issue arise out of the Labor Contract.  In Hines v. Anchor Motor Freight, Inc., the Supreme Court affirmed that Section 301 permitted suits "between unions and employers" in order to "vindicate 'uniquely personal' rights of employees such as wages, hours, overtime pay, and wrongful discharge."  424 U.S. 554, 652 (1976); see also International Union v. Hoosier Cardinal Corp., 383 U.S. 696, 699-700 (1966).  More recently, a court in this district explained that "[s]ection 301 generally grants unions standing to vindicate employee rights pursuant to a collective bargaining agreement . . . ."  Legal Aid Society v. City of New York, 114 F. Supp. 2d 204, 214 (S.D.N.Y. 2000) (citing International Union, 383 U.S. at 699-700).  Here, Local 15 has standing to bring a suit on behalf of individual union members

3

working for Qualcon. The unpaid wages in question arose from and are directly connected to the Labor Contract entered into between Local 15 and Qualcon.

B.  Liability

All of a plaintiff's factual allegations, except those relating to damages, must be accepted as true where the defendant has defaulted. Union of Orthodox Jewish Congregations v. American Food & Beverage Inc., 704 F. Supp. 2d 288, 290 (S.D.N.Y. 2010) (citing Au Bon Pain Corp. v. Artect, Inc., 653 F.2d 61, 65 (2d Cir. 1981), and Credit Lyonnais Securities (USA), Inc. v. Alcantara, 183 F.3d 151, 152 (2d Cir. 1999)). Here, the Complaint establishes that Qualcon committed ERISA violations and breached its contractual duties under the Taft-Hartley Act.

The Local 15 Trust Funds are employee benefit plans under ERISA, 29 U.S.C. §§ 1002(1), (2), (3), and (37), and the Taft-Hartley Act, 29 U.S.C. § 186. (Compl., ¶¶ 4, 7-9). Qualcon is an employer under ERISA, 29 U.S.C. § 1002(5), and the Taft-Hartley Act, 29 U.S.C. § 152(2). (Compl., ¶ 14). ERISA obligates any employer bound by a collective bargaining agreement to make contributions in accordance with the terms of the agreement. 29 U.S.C. § 1145. The Taft-Hartley Act authorizes employers to make periodic contributions to trust funds established for their employees through a collective bargaining agreement. 29 U.S.C. § 186(c)(5). The Labor Contract required Qualcon to make fringe benefit and supplemental dues contributions to the Funds on behalf of its employees. (Compl., ¶¶ 17, 25). Because the defendant

4

failed to meet those obligations (Compl., ¶¶ 18-20, 27-28), it is liable under ERISA, 29 U.S.C. § 1132(a)(1), (3), and the Taft-Hartley Act, 29 U.S.C. § 185(a).

C. <u>Damages</u>

The plaintiffs are entitled to recover unpaid contributions under the Labor Contract, ERISA, and the Taft-Hartley Act. <u>See</u> 29 U.S.C. § 185(a); 29 U.S.C. § 1132(g)(2)(A). The plaintiffs have provided evidence in the form of an audit report that Qualcon failed to pay fringe benefit contributions during the period July 1, 2007 through June 30, 2008. (Independent Accountants' Report on Applying Agreed-Upon Procedures dated April 23, 2010 ("Audit Report"), attached as Exh. C to Declaration of James M. Steinberg dated Feb. 11, 2011 ("Steinberg Decl."), at 2, 7-9). In total, Qualcon failed to pay contributions of $99,350.00 for this period. (Audit Report at 3-5).

Additionally, the plaintiffs seek an award of interest on that amount through March 4, 2011. (Proposed Findings of Fact & Conclusions of Law ("Proposed Findings") at 9). The plaintiffs request a rate of 4.25%, which is the prime rate of 3.25% plus 1.0% as required by the Labor Contract. At that rate, the total interest is $9,704.96. (Amended Statement of Damages; Transcript of Hearing dated March 4, 2011 ("H. Tr.") at 10; Collection and Audit Procedures for Local 15 Trust Funds dated April 19, 2007 ("Audit Procedures"), attached as Exh. E to Steinberg Decl., at 3).

Next, the plaintiffs seek statutory damages. Under ERISA, they are entitled to "an amount equal to the greater of (i)

interest on the unpaid contributions, or (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent" of the unpaid contributions.  29 U.S.C. § 1132(g)(2)(C). Here, the plaintiffs request an amount equal to the interest on the unpaid contributions, or $9,704.96, because the Labor Contract does not provide for liquidated damages.  (Amended Statement of Damages; Audit Procedures; Proposed Findings at 9-10).  Accordingly, $9,704.96 should be awarded as statutory damages.  In total, then, the plaintiffs are entitled to an award of $118,759.92 for unpaid contributions, interest, and statutory damages.

The plaintiffs have also presented evidence that Qualcon incorrectly withheld wages for thirty-one employees during the period July 1, 2008 through June 30, 2009.  (Audit Report at 11). Specifically, Qualcon failed to pay wages totaling $52,819.82. (Audit Report at 11; Amended Statement of Damages).  Accordingly, they should be awarded that amount.

    D.  <u>Attorneys' Fees and Costs</u>

When a plaintiff prevails in an action under ERISA for unpaid contributions, ERISA mandates an award of "reasonable attorney's fees and costs of the action, to be paid by the defendant."  29 U.S.C. § 1132(g)(2)(D).  Here, the plaintiffs seek $3,851.78 in attorneys' fees.  (Hours Expended by Counsel ("Hours"), attached as Exh. F to Steinberg Decl.; Amended Statement of Damages; Proposed Findings at 10).  According to counsel's records, attorney James M. Steinberg spent 12.75 hours working on this case at a billing rate of $302.10 per hour.  (Hours; Proposed Findings at 10; H. Tr. at

6

24). The time counsel expended was reasonable, and the rate requested is commensurate with that generally charged for similar work in this district. See, e.g., Sheehan v. Metropolitan Life Insurance Co., 450 F. Supp. 2d 321, 328 (S.D.N.Y. 2006) (approving rates of $425 for senior partner, $350 for junior partner, and $300 for associates of small firm in ERISA case). Therefore, the request for fees should be granted in full.

The plaintiffs also seek $5,413.69 in costs. This request includes $4,993.69 for the auditor's fee, $350.00 to file the action in federal court, and $70.00 to serve the defendant. (Amended Statement of Damages; Audit and Filing Costs, attached as Exh. G to Steinberg Decl.). ERISA allows a plaintiff to recover the costs of bringing the action in addition to reasonable attorneys' fees. 29 U.S.C. § 1132(g)(2)(D),(E). Therefore, the request for costs should be granted in full.

Conclusion

For the reasons set forth above, I recommend that judgment be entered against Qualcon and in favor of the plaintiffs in the amount of $99,350.00 in unpaid contributions, $9,704.96 in interest, $9,704.96 in statutory damages, $3,851.78 in attorney fees, $5,413.69 in costs, and $52,819.82 in withheld wages, for a total of $180,845.21. The plaintiffs are entitled to postjudgment interest under 28 U.S.C. § 1961 on all sums awarded.

Pursuant to 28 U.S.C. § 636(b)(1) and Rules 72, 6(a), and 6(d) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from this date to file written objections to this

Report and Recommendation. Such objections shall be filed with the Clerk of the Court, with extra copies delivered to the chambers of the Honorable Richard M. Berman, Room 650, and to the chambers of the undersigned, Room 1960, 500 Pearl Street, New York, New York 10007. Failure to file timely objections will preclude appellate review.

Respectfully submitted,

*James C. Francis IV*

JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

Dated:   New York, New York
         April 29, 2011

Copies mailed this date to:

James M. Steinberg, Esq.
Brady McGuire & Steinberg, PC
603 Warburton Avenue
Hastings-on-Hudson, New York 10706

Sam Easley
Qualcon Construction LLC
2266 Tillotson Avenue
Bronx, New York 10475