```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/6/11
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
THE ANNUITY, WELFARE AND
APPRENTICESHIP SKILL IMPROVEMENT
& SAFETY FUNDS OF THE INTERNATIONAL
UNION OF OPERATING ENGINEERS,
LOCAL 15, 15A, 15C AND 15D, AFL-CIO, et al.,

        Plaintiffs,

 -against-

QUALCON CONSTRUCTION, LLC,

        Defendant.
------------------------------------------------------------X

10 Civ. 4994 (RMB) (JCF)

**DECISION & ORDER**

I. **Background**

On June 28, 2010, the Annuity, Welfare and Apprenticeship Skill Improvement & Safety Funds of the International Union of Operating Engineers, Local 15, 15A, 15C and 15D, AFL-CIO, together with the International Union of Operating Engineers, Local 15, 15A, 15C and 15D, AFL-CIO (collectively, "Plaintiffs"), filed a complaint ("Complaint"), pursuant to the Employment Retirement Income Security Act, 29 U.S.C. § 1001 et seq. ("ERISA"), and the Labor Management Relations Act, 29 U.S.C. § 141 et seq. ("Taft-Hartley Act"), seeking to recover from Qualcon Construction, LLC ("Defendant") "delinquent [benefit fund] contributions," "[p]rejudgment interest" on such unpaid contributions, "statutory damages" under ERISA, and "wages due and owing" under the terms of a collective bargaining agreement ("Labor Contract"). (Compl., dated June 24, 2010, at 1, 3, 6.) On September 30, 2010, the Court entered default judgment against Defendant for "not having answered" the Complaint. (Default Judgment at 1.) The Court then referred the matter to United States Magistrate Judge James C. Francis, IV for an inquest after default as to damages. On October 6, 2010, following default and referral to the Magistrate, Defendant filed an (untimely) answer to the Complaint.

After conducting a hearing on March 4, 2011 – at which Defendant did not appear despite being afforded notice – Judge Francis issued a thorough report and recommendation, dated April 29, 2011 ("Report"), recommending that "judgment be entered against [Defendant] and in favor of [P]laintiffs in the amount of $99,350.00 in unpaid contributions, $9,704.96 in interest, $9,704.96 in statutory damages, $3,851.78 in attorney fees, $5,413.69 in costs, and $52,819.82 in withheld wages, for a total of $180,845.21." (Report at 7.)

The Report advised that, "[p]ursuant to 28 U.S.C. § 636(b)(1) and Rules 72, 6(a), and 6(d) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from this date to file written objections." (Report at 4.) To date, neither party has filed objections to the Report.

**For the reasons set forth below, the Report is adopted in its entirety.**

## II.  Legal Standard

The Court may adopt those portions of a magistrate judge's report to which no objections have been made and which are not clearly erroneous. See Fed. R. Civ. P. 72(b); DeLeon v. Strack, 234 F.3d 84, 86–87 (2d Cir. 2000); Santana v. United States, 476 F. Supp. 2d 300, 302 (S.D.N.Y. 2007). A district judge "may accept, reject, or modify, in whole or in part, the findings and recommendations of the magistrate judge." 28 U.S.C. § 636(b)(1); see also Fed. R. Civ. P. 72(b); DeLeon, 234 F.3d at 86–87.

## III.  Analysis

The facts as set forth in the Report are incorporated herein by reference unless otherwise noted.

Having conducted a review of the Report and applicable legal authorities, the Court finds that the Report is not clearly erroneous and, in fact, is in conformity with the law. See Pizarro v. Bartlett, 776 F. Supp. 815, 817 (S.D.N.Y. 1991).

Judge Francis concluded that Plaintiffs are entitled to recover unpaid contributions, an award of interest on such contributions, statutory damages, incorrectly withheld wages, and reasonable attorney's fees and costs under the Labor Contract, ERISA, and the Taft-Hartley Act. (See Report at 2, 5–6 (citing 29 U.S.C. §§ 185(a), 1132(g)(2); Sheehan v. Metro. Life Ins. Co., 450 F. Supp. 2d 321, 328 (S.D.N.Y. 2006)).) And, Judge Francis calculated the sums owed to Plaintiffs based on the evidence presented at the March 4, 2011 hearing – which Defendant, as noted, did not attend – and the information submitted by Plaintiffs. (See Report at 2.)

While Defendant filed an answer to the Complaint on October 6, 2010, Defendant has not moved to set aside the default judgment, see Fed. R. Civ. P. 55(c), or otherwise participated in these proceedings. See Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 98 (2d Cir. 1993); Amalgamated Serv. & Allied Indus. Joint Bd. v. Supreme Hand Laundry, Inc., 182 F.R.D. 65, 67 (S.D.N.Y. 1998).

## IV. Conclusion and Order

For the reasons stated herein and therein, the Court adopts the Report in its entirety. The Clerk of the Court is respectfully requested to enter judgment in favor of Plaintiffs in the amount of $180,845.21, plus postjudgment interest, as follows: $99,350.00 in unpaid contributions, $9,704.96 in prejudgment interest, $9,704.96 in statutory damages under ERISA, $3,851.78 in attorney's fees, $5,413.69 in costs, and $52,819.82 in unpaid wages.

The Clerk is further directed to close this case.

Dated: New York, New York
June 6, 2011

_____
RICHARD M. BERMAN, U.S.D.J.

3